UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FISHER,<br><br>             Plaintiff,<br><br>   v.<br><br>K. MENDOZA, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:05-CV-00970-OWW DLB-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |

I.    Screening Order

    A.    Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 28, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

1

1  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467
2  U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt
3  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this
4  standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.
5  Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most
6  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395
7  U.S. 411, 421 (1969).

       B.     Summary of Plaintiff's Complaint

9  The events at issue in the instant action allegedly occurred at Avenal State Prison, where
10 plaintiff is incarcerated.  Plaintiff names Warden K. Mendoza-Powers, Associate Warden Sedley,
11 Captain Jones, Correctional Counselor Baker and Chief of Inmate Appeals Grannis as defendants.
12 Plaintiff is seeking money damages and injunctive relief.  Plaintiff claims that on September 4, 2004,
13 he appeared before the Classification Committee requesting that he be able to participate in the
14 prisons' family visiting program with his wife as authorized under the California Code of
15 Regulations.  Plaintiff states that defendants Mendoza-Powers , Sedley, Jones and Baker denied his
16 request based on a finding that he was ineligible due to a prior conviction for violating Penal Code
17 Section 273.5.  Plaintiff contends his wife was not the victim in his prior offense and therefore he
18 was improperly denied family visits.  Plaintiff states that he filed an inmate appeal regarding the
19 denial, which was denied at the directors level by defendant Grannis.  Plaintiff alleges that
20 defendants violated his due process rights by denying him participation in the family visiting
21 program.

       C.     Discussion

23 The undersigned finds that plaintiff's due process challenge fails to state a cognizable claim.
24 While prisoners retain those constitutional rights that are not inconsistent with their prisoner status
25 or with the legitimate penological objectives of the corrections system, the Due Process Clause of
26 the Fourteenth Amendment does not guarantee a right to family visits.  Kentucky Dep't of
27 Corrections v. Thompson, 490 U.S. 454, 460-61, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (holding
28 that the denial of prison access to certain visitors " 'is well within the terms of confinement

1  ordinarily contemplated by a prison sentence, and therefore is not independently protected by the
2  Due Process Clause' " <u>Gerber v. Hickman</u>, 291 F.3d 617, 621 (9th Cir.2002) (holding that the right
3  of intimate association, which includes cohabitation with one's spouse, is necessarily abridged during
4  incarceration and that such loss "is simply part and parcel of being imprisoned for conviction of a
5  crime"). *See also* <u>Turner v. Safley</u>, 482 U.S. 78, 95-96, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).
6  Although "States may under certain circumstances create liberty interests which are protected by the
7  Due Process Clause," those circumstances are generally limited to freedom from restraint that
8  "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of
9  prison life. <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). A
10 prison policy that denies family visits does not impose atypical and significant hardships because an
11 inmate's inability to visit his family is an ordinary incident of prison life.  <u>Toussaint v. McCarthy</u>,
12 801 F.2d 1080, 1114 (9th Cir.1986) (observing that denial of contact visits "is part of the penalty that
13 criminals pay for their offenses against society). *See also* <u>Sandin</u>, 515 U.S. at 48586; <u>Kentucky Dep't
14 of Corrections</u>, 490 U.S. at 461.

15      There is also no constitutional right to an inmate appeals process.  The Ninth Circuit has held
16 that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance
17 procedure." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir.2003), *citing* <u>Mann v. Adams</u>, 855 F.2d
18 639, 640 (9th Cir.1988).   The non-existence of, or the failure of prison officials to properly
19 implement, an administrative appeals process within the prison system does not raise constitutional
20 concerns. <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.1988).  <u>See</u> also,  <u>Buckley v. Barlow</u>, 997
21 F.2d 494, 495 (8th Cir.1993); <u>Flick v. Alba</u>, 932 F.2d 728 (8th Cir.1991); <u>Azeez v. DeRobertis</u>, 568
22 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not
23 confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty
24 interest requiring the procedural protections envisioned by the fourteenth amendment").  A failure
25 to process a grievance does not state a constitutional violation. <u>Buckley</u>, <u>supra</u>.  Plaintiff therefore
26 fails to state a cognizable claim against defendant Grannis.

27      In summary, the court finds that plaintiff's complaint does not contain any claims upon which
28 relief may be granted.  The court will provide plaintiff with the opportunity to file an amended

1  complaint. Plaintiff is informed he must demonstrate in his complaint how the conditions
2  complained of have resulted in a deprivation of plaintiff's constitutional or other federal rights. See
3  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each
4  named defendant is involved. There can be no liability unless there is some affirmative link or
5  connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.
6  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
7  743 (9th Cir. 1978).

8  Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
9  complete in itself without reference to any prior pleading. As a general rule, an amended complaint
10 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once
11 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
12 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
13 of each defendant must be sufficiently alleged.

14 Accordingly, based on the foregoing, it is HEREBY ORDERED that:

15 1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims
16    upon which relief may be granted;

17 2. The Clerk's Office shall send plaintiff a civil rights complaint form;

18 3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an
19    amended complaint; and

20 4. If plaintiff fails to file an amended complaint in compliance with this order, the court
21    will recommend that this action be dismissed, with prejudice, for failure to state a
22    claim upon which relief may be granted.

24 IT IS SO ORDERED.

25 **Dated:   May 2, 2006**           **/s/ Dennis L. Beck**
   3b142a                              UNITED STATES MAGISTRATE JUDGE

4