# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FISHER,<br><br>    Plaintiff,<br><br>    v.<br><br>K. MENDOZA, et al.,<br><br>    Defendants. | CASE NO. 1:05-CV-00970-OWW DLB-P<br><br>FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED |

I.  <u>Screening Order</u>

   A.   <u>Screening Requirement</u>

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed an amended complaint on May 25, 2006 after the Court dismissed his original complaint for failure to state a cognizable claim for relief.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

1

which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), <u>citing</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> <u>also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

  B. <u>Summary of Plaintiff's Complaint</u>

The events at issue in the instant action allegedly occurred at Avenal State Prison, where plaintiff is incarcerated.  Plaintiff names Warden K. Mendoza-Powers, Associate Warden Sedley, Captain Jones, Correctional Counselor Baker and Chief of Inmate Appeals Grannis as defendants.  Plaintiff is seeking money damages and injunctive relief.  Plaintiff claims that on September 4, 2004, he appeared before the Classification Committee requesting that he be allowed to participate in the prisons' family visiting program with his wife as authorized under the California Code of Regulations.  Plaintiff states that defendants Mendoza-Powers , Sedley, Jones and Baker denied his request based on a finding that he was ineligible due to a prior conviction for violating Penal Code Section 273.5.  Plaintiff contends his wife was not the victim in his prior offense and therefore he was improperly denied family visits.  Plaintiff states that he filed an inmate appeal regarding the denial, which was denied at the Directors Level by defendant Grannis.  Plaintiff alleges that defendants violated his due process rights by denying him participation in the family visiting program.

  C. <u>Discussion</u>

The undersigned finds that plaintiff's due process challenge fails to state a cognizable claim. While prisoners retain those constitutional rights that are not inconsistent with their prisoner status or with the legitimate penological objectives of the corrections system, the Due Process Clause of the Fourteenth Amendment does not guarantee a right to family visits.  <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 460-61, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (holding

that the denial of prison access to certain visitors " 'is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause' " Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir.2002) (holding that the right of intimate association, which includes cohabitation with one's spouse, is necessarily abridged during incarceration and that such loss "is simply part and parcel of being imprisoned for conviction of a crime"). *See also* Turner v. Safley, 482 U.S. 78, 95-96, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," those circumstances are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). A prison policy that denies family visits does not impose atypical and significant hardships because an inmate's inability to visit his family is an ordinary incident of prison life. Toussaint v. McCarthy, 801 F.2d 1080, 1114 (9th Cir.1986) (observing that denial of contact visits "is part of the penalty that criminals pay for their offenses against society). *See also* Sandin, 515 U.S. at 48586; Kentucky Dep't of Corrections, 490 U.S. at 461.

There is also no constitutional right to an inmate appeals process. The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). A failure to process a grievance does not state a constitutional violation. Buckley, supra. Plaintiff therefore fails to state a cognizable claim against defendant Grannis.

In summary, the court finds that plaintiff's amended complaint, as the original complaint,

3

1 fails to state any claims upon which relief may be granted.  The Court therefore recommends that
2 this action be dismissed in its entirety.  The Court does not recommend that plaintiff be granted an
3 additional opportunity to amend th complaint as he was previously granted this opportunity and was
4 unable to cure the deficiencies identified by the Court in the prior order.

5     These Findings and Recommendations will be submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
7 **days** after being served with these Findings and Recommendations, plaintiff may file written
8 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
9 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
10 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
11 1153 (9th Cir. 1991).

12     IT IS SO ORDERED.

13     Dated:   **April 27, 2007**       **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE